Si-iaitck, C. J.
The office of the writ of mandamus, is clearly indicated by the definitive terms of section 6741 of the Revised Statutes. The writ is there defined in accordance with the view taken by the courts at the time of the adoption of the constitution, and the vesting of jurisdiction of the action. The writ may issue to command “the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.” It may not issue to compel the performance of an act not so enjoined. The duty of drawing the warrants demanded by the relators is said to be enjoined upon the auditor by the provision of section 1129 of the Revised Statutes that “said accountants so appointed and performing the duties therein required shall be paid five dollars per day for the time necessary to the performance of the same, out of the treasury, on a warrant drawn by the county auditor, and approved by the certificate of said court.” This provision, whether read alone or in connection with other provisions relating to the examination, does not seem to express with clearness any legislative intent suggested by counsel or occurring to us. It is, however, entirely clear that it does not enjoin upon the auditor the duty of drawing warrants in favor of the accountants to compensate them a.t the rate of five dollars per day for as many days *544 as they may claim to have been necessary to the performance of their duties. Obviously, a discretion is to be exercised in determining the number of days necessary. If that discretion is with the probate .judge, the application to the auditor for the warrants was premature, for it is admitted that the probate .judge had not determined what number of days were necessary. If the discretion is wholly or partly with the auditor, he exercised it in tendering warrants covering the time which he thought necessary, and the writ allowed below would have the forbidden effect •of controlling discretion.
The position of the relators assumes that, with respect to the duty of the auditor, the statute gives conclusive effect to the claim by them presented to him. It contains no language giving it that effect. Indeed the statute does not even provide or contemplate that a report of the time occupied shall be filed with the auditor. It is not consistent with the object of the statute that the auditor should determine, or have a voice in determining, the extent to which the transactions of his office shall be examined; and that would be involved in deciding as to the time necessarily employed in making the examination. The examinátion •extends to the office of the treasurer as well as to that of the auditor, and the treasurer is confessedly denied participation in this decision. Having in view the object of the statute, it seems natural that both :should be denied such participation and for the same reason.
Our conclusion is that it is the duty of the probate .judge, upon application of the accountants, to determine the number of days necessary to the examination, and to certify his conclusion to the auditor, whose imperative duty it will then be to draw war *545 rants for the time certified at the rate fixed by the statute. This view is as consistent as any other with the provision quoted. It is entirely consistent with the general terms of the statute, and is promotive of the purposes for which the examination is had. It is in accord with the general provisións of the law by which the court making an appointment for public service fixes the compensation of those appointed. It is harmonious with the provisions which define the duties of the treasurer with respect to the payment of warrants drawn by the auditor.

Judgments reversed.